# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ALLEN SANDERSON, | Case No. 1:16-cv-01679-SAB-HC |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DIRECTING CLERK OF COURT TO CLOSE CASE, AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | |
| Respondents. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the United States Magistrate Judge. (ECF No. 8).

**I.**

**BACKGROUND**

Petitioner challenges the California Department of Corrections and Rehabilitation's application of title 15, section 3043.4(c) of the California Code of Regulations to limit Petitioner's ability to earn credit. (ECF No. 1). On November 16, 2016, the Court ordered Petitioner to show cause why the petition should not be dismissed for failure to exhaust state judicial remedies. (ECF No. 7). On December 12, 2016, Petitioner filed his response. (ECF No. 9).

## II.

## DISCUSSION

### A. Exhaustion

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." A petitioner in state custody who is proceeding with a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999); Duncan v. Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971).

In the petition, Petitioner states that he went through the administrative appeal process, but has not received a timely response. (ECF No. 1 at 4, 6).[1] The petition also states that Petitioner has not presented his claims in state court. (Id. at 5–6). In his response to the order to show cause, Petitioner states that "because respondent(s) failed to follow their own procedural guidelines . . . Petitioner believed he exhausted his remedy at the State[']s highest level of interest, CDCR, Chief Appeals Office . . ." (ECF No. 9 at 2). If Petitioner has not sought relief in the California Supreme Court, the Court cannot proceed to the merits of Petitioner's claim. 28 U.S.C. § 2254(b)(1).

The Court must dismiss without prejudice a petition containing unexhausted claims to give a petitioner an opportunity to exhaust the claims if he can do so. See Lundy, 455 U.S. at 522. However, a petitioner may move to stay and hold in abeyance the petition while he exhausts his claims in state court. See Rhines v. Weber, 544 U.S. 269, 277 (2005). Under Rhines, "stay

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

2

and abeyance" is available only in *limited circumstances*, and only when: (1) there is "good cause" for the failure to exhaust; (2) the unexhausted claims are not "plainly meritless"; and (3) the petitioner did not intentionally engage in dilatory litigation tactics. Id. at 277–78. Petitioner states that he "because respondent(s) failed to follow their own procedural guidelines . . . Petitioner believed he exhausted his remedy at the State[']s highest level of interest, CDCR, Chief Appeals Office . . ." (ECF No. 9 at 2). This does not constitute "good cause" for failure to exhaust. See Blake v. Baker, 745 F.3d 977, 982 (9th Cir. 2014) ("[S]tay and abeyance is available only to those petitioners who have a legitimate reason for failing to exhaust a claim in state court. As such, good cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify that failure."). Accordingly, the petition must be dismissed without prejudice for failure to exhaust state judicial remedies.

**B.  Certificate of Appealability**

A state prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003). The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides as follows:

> (a) In a habeas corpus proceeding or a proceeding under section 2255 before a district judge, the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held.
>
> (b) There shall be no right of appeal from a final order in a proceeding to test the validity of a warrant to remove to another district or place for commitment or trial a person charged with a criminal offense against the United States, or to test the validity of such person's detention pending removal proceedings.
>
> (c) (1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
>
> > (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
> >
> > (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the

denial of a constitutional right.

(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

If a court denies habeas relief on procedural grounds without reaching the underlying constitutional claims, the court should issue a certificate of appealability "if jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner's federal habeas corpus petition should be dismissed debatable or wrong, or that Petitioner should be allowed to proceed further. Therefore, the Court declines to issue a certificate of appealability.

### III.
### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The petition for writ of habeas corpus is DISMISSED WITHOUT PREJUDICE;
2. The Clerk of Court is DIRECTED to CLOSE the case; and
3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

Dated:  **December 29, 2016**

UNITED STATES MAGISTRATE JUDGE